

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2006

# NJ Dept Treas v. Visara Intl Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1196

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"NJ Dept Treas v. Visara Intl Inc" (2006). *2006 Decisions.* Paper 1577.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1577

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1196

———

NEW JERSEY DEPARTMENT OF TREASURY,
Division of Purchase and Property,

Appellant,

v.

VISARA INTERNATIONAL, INC.,

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-01776)
District Judge: Honorable Stanley R. Chesler

———

Argued January 17, 2006

Before: ROTH, FUENTES, and BECKER, Circuit Judges.

(Filed: February 15, 2006)

Mala S. Narayanan (Argued)
Office of the Attorney General of New Jersey
Richard J. Hughes Justice Complex
P.O. Box 106
25 Market Street
Trenton, New Jersey 08625

      Attorney for Appellant

Robert E. Ganz (Argued)
Ganz, Wolkenbreit & Friedman
1 Columbia Circle
Albany, New York 12203

Hal K. Haveson
Haveson & Otis
194 Nassau Street
Princeton, New Jersey 08542

        Attorneys for Appellee

_____

OPINION OF THE COURT
_____


FUENTES, <u>Circuit Judge</u>.

Appellant, New Jersey Department of Treasury ("New Jersey"), appeals the

decision of the U.S. District Court for the District of New Jersey granting summary

judgment in favor of appellee Visara International, Inc. ("VI") on New Jersey's claims for

breach of contract, unjust enrichment/quantum meruit, bad faith, fraud, and breach of the

implied covenant of good faith and fair dealing. We exercise plenary review over these

claims on appeal and affirm the District Court's decision.

## I. Background

In 1997, and again in 2001, New Jersey awarded contracts (the "New Jersey

Contracts") to Visara, Inc., ("Visara") for computer equipment and pre-paid maintenance

and warranty services. New Jersey paid Visara a total of $10.1 million for the equipment

and maintenance services. Much of the computer equipment proved to be defective

2

almost immediately after being put into service. In April 2002, a service representative informed New Jersey that all of Visara's assets—including its obligations under the New Jersey Contracts—had been sold to VI. In fact, VI had purchased Visara's assets in February 2002 through an Asset Purchase Agreement, which provided, among other things, that VI would "assume" Visara's warranty and maintenance obligations to New Jersey. New Jersey was not a signatory to the Agreement.

In May 2002, shortly after the asset sale, Visara was put into involuntary bankruptcy by a creditor filing in the U.S. Bankruptcy Court for the Northern District of New York. On October 29, 2003, Visara filed its Disclosure Statement and Chapter 11 Proposed Liquidating Plan of Reorganization. The proposed plan included a settlement agreement between Visara and VI that required VI to contribute $200,000 to fund a ten percent payment to Visara's general unsecured creditors in exchange for a release from the claims of Visara's creditors.

New Jersey filed a $2.8 million claim on December 5, 2003, almost one year after the bar date for filings by governmental units had passed. Visara objected to New Jersey's claim on three grounds: untimeliness, insufficient documentation, and New Jersey's failure to mitigate damages. New Jersey subsequently sought permission of the Bankruptcy Court to withdraw its claim. On February 11, 2004, the Bankruptcy Court issued an "Order Disallowing Claim of the State of New Jersey." The bankruptcy proceedings eventually concluded when the Bankruptcy Court approved the settlement agreement (which was increased to $220,000) and confirmed Visara's Chapter 11 plan.

3

No appeals were filed by the New Jersey Attorney General or any other party.

On March 9, 2004—less than one month after the Bankruptcy Court disallowed New Jersey's claim against Visara—New Jersey filed suit against VI in the Superior Court of New Jersey. New Jersey asserted claims for breach of contract, unjust enrichment/quantum meruit, bad faith, fraud, and breach of the implied covenant of good faith and fair dealing. New Jersey sought to recover the same sum of $2.8 million that it sought in Visara's bankruptcy proceedings. The action was removed to the U.S. District Court for the District of New Jersey. The parties eventually filed cross-summary judgment motions. On December 20, 2004, the District Court granted summary judgment in VI's favor based on res judicata, holding that, in view of New Jersey's status as a creditor to Visara during Visara's bankruptcy proceedings, the claims in this action were resolved by the confirmation of the Chapter 11 plan. This appeal followed.

## II. Discussion

New Jersey argues that the District Court erred in granting VI's motion for summary judgment on res judicata grounds. For the reasons stated below, we conclude that the District Court properly granted summary judgment for VI.

The rule of res judicata, as applied in the bankruptcy context, has been summarized as follows:

> Section 1141(a) of the [Bankruptcy] Code provides that a plan is binding upon all parties once it is confirmed. . . . [A] confirmed plan of reorganization is binding upon every entity that holds a claim or interest even though a holder of a claim or interest is not scheduled, has not filed a claim, does not receive a distribution under the plan or is not entitled to

4

retain an interest under such plan.  In other words, a confirmed plan precludes parties from raising claims or issues that could have or should have been raised before the confirmation but were not.

8 Collier on Bankruptcy ¶ 1141.02 (15 ed. rev. 2004) (footnotes omitted).

New Jersey contends that res judicata does not apply here because it was not a creditor of Visara during Visara's bankruptcy proceedings.  First, New Jersey argues that, by the time Visara's bankruptcy proceedings began, VI had expressly "assumed" Visara's contractual obligations to New Jersey; therefore, New Jersey was a creditor of VI and not Visara.  However, as the District Court explained, it is a matter of basic contract law that

one who . . . is bound to any performance whatsoever cannot by its own act, or by any act in agreement with anyone else, except its creditor, divest itself of the duty and substitute the duty of another.  No one can assign his liabilities under a contract without the consent of the party to whom he is liable.

29 Williston on Contracts § 74:27 at 412 (4th ed. 2003, Supp. 2004) (internal quotation marks and footnote omitted); see also Riley v. New Rapids Carpet Ctr., 294 A.2d 7, 10 (N.J. 1972) (citing Williston on Contracts for same proposition); Wachovia Realty Invs. v. Hous., Inc., 232 S.E.2d 667, 674 (N.C. 1977) (discussing same proposition).[1]  In other words, Visara could not assign its obligations under the New Jersey contracts to VI, without the consent of New Jersey, the party to which it was liable.  The District Court

---

[1]Although there is some question as to whether the Asset Purchase Agreement between Visara and VI is governed by New Jersey or North Carolina law, we need not resolve a choice of law question here because the relevant laws do not conflict.  See Lucker Mfg. v. Home Ins. Co., 23 F.3d 808, 813 (3d Cir. 1994) ("Before a choice of law question arises, . . . there must actually be a conflict between the potentially applicable bodies of law.").

concluded that without any evidence that New Jersey expressly or impliedly agreed to a novation[2] of its contracts with Visara, New Jersey remained Visara's creditor despite the attempted assignment of Visara's obligations to VI.[3]  We agree.

New Jersey also contends that the circumstances surrounding Visara's bankruptcy proceedings demonstrate that it was not a creditor of Visara.  To that end, New Jersey points out that Visara did not list the State of New Jersey in its bankruptcy schedules, Visara never formally notified New Jersey of its bankruptcy filing, and Visara never sought New Jersey's consent to the settlement agreement funded by VI.  The District Court properly rejected these arguments, explaining that issues with respect to notice and

---

[2]A novation is "[t]he act of substituting for an old obligation a new one that either replaces an existing obligation with a new obligation or replaces an original party with a new party."  Black's Law Dictionary 1091 (7th ed. 1999).

[3]We further note that the New Jersey Contracts contained an anti-assignment-without-consent clause.  That provision states the following:
> 3.11 SUBCONTRACTING OR ASSIGNMENT – The contract may not be subcontracted or assigned by the contractor, in whole or in part, without the prior written consent of the Director of the Division of Purchase and Property.  Such consent, if granted, shall not relieve the contractor of any of his responsibilities under the Contract.

This language in the contract suggests that the maintenance obligations were never validly transferred to VI.  For example, according to the Second Restatement of Contracts, a term prohibiting the assignment of "the contract" bars delegation of a duty to an assignee.  Restatement (Second) of Contracts § 322; see also U.C.C. § 2-210(2) ("Unless otherwise agreed all rights of either seller or buyer can be assigned except where the assignment would materially change the duty of the other party, or increase materially the burden or risk imposed on him by his contract, or impair materially his chance of obtaining return performance." (emphasis added)); N.J. Stat. § 12A:2-210(2); N.C. Gen. Stat. § 25-2-210(2).  Therefore, it appears that New Jersey does not have, and never did have, a valid and independent claim against VI.

consent should have been raised in Visara's bankruptcy proceedings. In addition, the fact that New Jersey accepted computer service from VI for approximately six months after Visara sold its assets to VI is of no moment. As explained above, Visara could not assign its obligations under its contracts with New Jersey without New Jersey's consent, and that consent was never given. Accordingly, for the reasons stated above, we reject New Jersey's arguments that it was not a creditor of Visara during Visara's bankruptcy proceedings and therefore affirm the District Court's dismissal of New Jersey's claims against VI on res judicata grounds.

## III.  Conclusion

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the judgment of the District Court will be affirmed.